IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-110 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| STEVEN LEUNG, | |
| Defendant. / | |

On October 30, 2012, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning with jury selection on November 20, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 12 members, with 3 alternates. The plaintiff shall have 6 peremptory challenges; defendant shall have 10 peremptory challenges; and each side shall have one additional peremptory challenge on account of the alternates.

2. **Voir dire**: The panel of time-qualified jurors shall be given a questionnaire (previously agreed by the parties and the Court) on November 15, 2012. The parties are responsible for providing 75 copies of the blank questionnaires to the Jury Commissioner David Weir by close of business on November 14, 2012. Counsel may pick up the completed questionnaires from Mr. Weir at close of

business on November 15, 2012 and shall return the original questionnaires plus two sets of copies back to Mr. Weir by close of business on November 16, 2012. The parties have designated Justin Brook to be responsible for delivery of the blank questionnaires and pick-up, copying and return of the completed questionnaires. On the first day of trial, November 20, 2012, the Court will conduct general voir dire, and counsel for the parties shall have a limited opportunity to question the panel. The Court encourages the parties to agree in advance, if they can, on any challenges for cause suggested by the completed questionnaires.

3.  **Trial schedule**: Opening statements and evidence presentation shall begin on Wednesday, November 20, 2012, time permitting; or on Monday, November 26, 2012. The Court generally hears jury trials Monday through Thursday; the Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. **The parties agreed, at the time this trial date was chosen, that the trial can be presented completely prior to the holiday break.** Since this is a retrial, and since only one defendant (rather than 7 defendants) is involved, the Court anticipates that the parties will be able to present the case more efficiently, and substantially more quickly, than the first time through.

4.  **Motions in limine**: At the pretrial conference, the Court reiterated its view that all prior rulings in the case, including in limine rulings prior to the first trial, will continue in effect during this trial, except to the extent specifically altered after discussion. In addition, a number of motions in limine were discussed, as follows:

Plaintiff's motion re: results from first trial: Plaintiff "recognizes that evidence of AUO and AUOA's convictions is not admissible as evidence of defendant Steven Leung's guilt" but seeks an order "allowing the government to introduce evidence regarding the convictions, or to reference the convictions is the examination of witnesses" if Leung "opens that door." The motion is DENIED at this time. No mention of the prior criminal trial, or the prior criminal convictions, or the prior acquittals, shall be made before the jury, or in any question to a witness, without prior, specific approval of the

Court.

Plaintiff's motion re introduction of summary chart: Plaintiff requests, and defendant opposes, introduction of a summary chart under FRE 1006. To the extent that the chart is offered in support of proof necessary under the FTAIA, it is relevant and will be admissible, if appropriate foundation and authentication are demonstrated at trial.

Plaintiff's motion re admission of co-conspirator statements (FRE 801(d)(2)(E) and admissions of party-opponent (FRE 801(d)(2)(A)): Provided the proffered exhibits are offered through an appropriate percipient or summary witness, they will be admitted, EXCEPT Exs. 115, 129 and 203. As to these three, admission will require that the government establish a link between the prices discussed in the exhibits and the prices actually set in the market according to the evidence.

**IT IS SO ORDERED.**

Dated: November 14, 2012

SUSAN ILLSTON
United States District Judge