1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

UNITED STATES OF AMERICA,                     No. CR 09-110 SI

10
              Plaintiff,                      **ORDER GRANTING UNITED STATES'**
11                                            **MOTION TO QUASH SUBPOENA**

12       v.

13   STEVEN LEUNG,

14              Defendant.
     _____/

15

16          The United States has filed a motion to quash subpoenas served on FBI Agent Susan Sivok and

17   retired FBI Agent Greg Haynie.  Docket No. 1039.  Defendant seeks to have Agent Sivok testify at trial

18   regarding her "knowledge of the steps that the Government took – or did not take – to investigate the

19   TFT-LCD panel industry between the time that Samsung self-reported in January, 2006 and the

20   Government raided AUOA's and CMO's offices in December, 2006."  Docket No. 1050 at 2:28-3:2.

21   Defendant also seeks Agent Sivok's testimony "about the manner by which the Government confiscated,

22   organized, and Bates stamped the voluminous documents seized from AUOA's and CMO's offices."

23   *Id*. at 3:3-4.  Defendant also asserts that Agent Sivok "can give the jury an approximate number of

24   documents produced and seized in total, from which they can compare the number of documents

25   relevant to Defendant Steven Leung."  *Id*. at 3:6-7.  In the event that Agent Sivok is unable to testify,

26   defendant requests that retired Agent Haynie be required to testify in her stead.

27          The United States moves to quash the subpoenas on the ground that neither agent has relevant

28   information for purposes of this trial.  The United States contends "[n]either the search warrant

**United States District Court**
**For the Northern District of California**

affidavits of agents Sivok and Haynie, nor their familiarity with the procedural history of the case, nor the investigative procedures of the FBI are relevant to the issues being tried to the jury." Docket No. 1039 at 2:19-21. The government argues that the relevant issues are whether defendant joined the conspiracy and whether he has any legitimate defense to the charge.

The government also asserts that even if the agents were required to testify, they would not be able to provide testimony on the subjects identified by defendant. The United States has filed the declarations of Heather Tewksbury and Agent Sivok which state: (1) Agent Sivok was first assigned to the Antitrust Division's TFT-LCD investigation in October of 2006, and she assisted the division in its efforts to get a warrant to search the Houston office of AUOA, and she also assisted in executing the search warrant and search, which took place in December of 2006; (2) Agent Haynie submitted an affidavit supporting the application for a warrant to search CMO's San Jose office, and he helped execute the search in December 2006; (3) neither agent had much, if any, involvement in the investigation following the day of the searches, and neither agent testified before the grand jury; (4) the review, organization and any labeling of both the hard copy and electronic records seized from AUOA was done by Antitrust Division personnel, and Agent Sivok does not have any knowledge of these matters; (5) Agent Sivok does not know the number of documents seized from AUOA, nor does she have any knowledge of the volume of documents provided to the Antitrust Division; (6) the FBI (including both agents) did not have anything to do with Bates numbering of any documents; and (7) the vast majority of documents produced during the investigation were produced directly to the Antitrust Division.

The Court concludes that defendant has not shown that either agent can provide testimony relevant to the issues in this case. Defendant has not articulated how the government's investigation (or lack thereof) in 2006 is relevant to the defense of this case. *Cf. United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001) ("The phrase 'inadequacy of the police investigation' covers a variety of different problems and cuts across the full spectrum of relevant and irrelevant evidence. Certain inadequacies—for example, those that go to the chain of custody or the preservation of evidence—may undercut the reliability of physical evidence against the accused. . . . Merely showing that an investigation is sloppy does not establish relevance."); *United States v. Howell*, 231 F.3d 615, 625 (9th

Cir. 2000) (finding a *Brady* violation where "the fact that not one, but two separate police reports contained an identical error as to a critical piece of evidence certainly raises the opportunity to attack the thoroughness, and even good faith, of the investigation.").  Nor has defendant explained how "the manner by which the Government confiscated, organized, and Bates stamped the voluminous documents seized from AUOA's and CMO's offices" is relevant.  The Court previously denied a motion to suppress the evidence seized from the AUOA office.  Moreover, the government states that it is unlikely that any of the evidence gathered during the searches of AUOA's and CMO's offices will be admitted at trial as none of the approximately 337 exhibits admitted during the first trial were documents seized during the two searches.

Further, the record shows that the agents are not knowledgeable about the subjects identified by defendant.  Agent Sivok did not become involved in the investigation until October 2006, and her involvement ended shortly after the December 2006 execution of the search warrant on AUOA's office.  Similarly, Agent Haynie was involved in the preparation and execution of the search warrant on CMO's office, and he had little if any involvement in the investigation following the day of the search.  Finally, neither agent would be able to provide any testimony about the Bates stamping of documents.

Accordingly, for good cause shown the Court GRANTS the government's motion and QUASHES the subpoenas.

**IT IS SO ORDERED.**

Dated: December 6, 2012

_____
SUSAN ILLSTON
United States District Judge