IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

STEVEN LEUNG,

    Defendants.

_____/

Case No. 09-CR-0110 SI

**ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL AND FOR
A NEW TRIAL**

On April 29, 2013, the Court heard argument on Defendants' motion for judgment of acquittal or, in the alternative, a new trial. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendants' motion.

**BACKGROUND**

In June 2010, the Antitrust Division of the Department of Justice indicted AU Optronics Corporation ("AUO"), its wholly-owned subsidiary, AU Optronics Corporation of America ("AUO America"), and nine individuals on charges of price-fixing in violation of the Sherman Act, 15 U.S.C. § 1. AUO is a major manufacturer of thin-film transistor liquid crystal display ("TFT-LCD") panels, electronic components that are used in computer monitors, televisions, and other consumer electronics. Superseding Indictment, ¶¶ 3-4. The Superseding Indictment charged that AUO, in concert with other TFT-LCD manufacturers, conspired to fix worldwide prices of TFT-LCD panels.

On March 13, 2012, following an eight-week trial, a jury returned a verdict convicting defendants AUO, AUOA, Hsuan Bin Chen, and Hui Hsiung for their roles in the charged conspiracy. Special Verdict Form, Docket. No. 851. The jury did not reach a unanimous verdict on Defendant Leung. He was thus retried in late 2012, and on December 18, 2012, the jury reached a guilty verdict.

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

**I.      Rule 29**

Rule 29 of the Federal Rules of Criminal Procedure requires the Court, on a defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

The Court's review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires a court to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis original); see also *McDaniel v. Brown*, --- U.S. ----, 130 S. Ct. 665, 673 (2010) (reaffirming this standard). *Accord United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). This rule establishes a two-step inquiry:

> First, a . . . court must consider the evidence presented at trial in the light most favorable to the prosecution. . . . [And s]econd, after viewing the evidence in the light most favorable to the prosecution, the . . . court must determine whether this evidence, so viewed, is adequate to allow "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt."

*Nevils*, 598 F.3d at 1164 (quoting *Jackson*, at 319) (emphasis in *Jackson*, final alteration in *Nevils*).

**II.      Rule 33**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The Ninth Circuit described the standard for granting a new trial in *United States. v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206 (9th Cir. 1992), which it reaffirmed in *United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000):

> [A] district court's power to grant a motion for a new trial is much broader than its  power to grant a motion for judgment of acquittal.  The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses. . . . If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

United States District Court
For the Northern District of California

1  *Kellington*, 217 F.3d at 1097 (internal quotation marks and citations omitted).

3  **DISCUSSION**

4  Defendant urges the Court to grant his motion based on the following: juror misconduct; a

5  combination of erroneous rulings by the Court as well as misconduct by the prosecution; insufficiency

6  of the evidence at trial to sustain AUOA's conviction; and improper failure of the government to allege

7  and present its case under the rule of reason standard, rather than as a per se violation of the Sherman

8  Act.  The government argues that the motion is untimely and that, in any event, Defendant's various

9  arguments fail.

10  Defendant filed this motion almost four months after entry of the verdict.  The Court had

11  expressly communicated its wish, however, to resolve any post-trial motions "substantially in advance"

12  of the sentencing hearing, initially set for March 29, 2013, and continued to April 29, 2013.  The Court

13  notes that the filing of post-trial motions four months after the verdict and two weeks before the

14  sentencing fails to satisfy this request.  This is particularly true for allegations of potential juror

15  misconduct, which were brought to counsel's attention immediately after the verdict.  Nevertheless, the

16  Court declines to deny this motion as untimely and addresses the merits below.

18  **1.    Juror Misconduct**

19  The Court concludes that Defendant's allegations of juror misconduct fail because Loretta

20  Simms's testimony is inadmissible pursuant to Federal Rule of Evidence 606(b).[1]  By its own language

21  the statute appears to target testimony regarding communications made "during the course of the jury's

22  deliberations *or . . .* [testimony] to the effect of anything upon that or any other juror's mind . . ." that

23  influences deliberations.  *Id*. (emphasis added).  The case law also appears to support Rule 606(b)'s

24  application to communications that were made before the deliberative process.  *See U.S. v. Williams-*

25  *Davis*, 90 F.3d 490, 504-505 ( D.C. Cir. 1996) (citing additional supportive cases); *U.S. v. Tierney,* 947

---

27/28  [1]Rule 606(b) prohibits a juror from testifying "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith."  F.R.E. 606(b).

F.2d 854, 869 (8th Cir. 1991).  Although Defendant attempts to distinguish this case from authority cited, the Court is not convinced that it does so successfully.[2]  Accordingly, because Ms. Simms's testimony concerns internal discussions among jurors, with no allegation of extraneous information, it is inadmissible, and the Court DENIES Defendant's motion based on juror misconduct.

**2.      Evidentiary Rulings/Misconduct by Prosecution**

Defendant argues that a number of the Court's evidentiary rulings were in error, the government engaged in misconduct, and these errors deprived Defendant due process, entitling him to a new trial.

Having reviewed the Court's prior evidentiary rulings on the issues Defendant raises in his motion, the Court finds no error in those rulings.  Additionally, the Court finds that the government did not ask improper questions, and, in any event, as Defendants acknowledge, neither of the two instances of alleged misconduct, taken individually or in combination, rises to the level of necessitating a new trial.  Accordingly, the Court DENIES Defendant's motion based on this ground.

**3.      Arguments Previously Rejected: FTAIA and Rule of Reason**

To preserve his arguments for appeal, Defendant asserts arguments that the Court has fully considered and rejected (*see* Order Denying Motions for Judgment or Acquittal and for a New Trial, Docket No. 920): (1) that the evidence failed to establish commerce, under either FTAIA exclusion, beyond a reasonable doubt and (2) that Sherman Act violations based on foreign conduct are subject to a rule-of-reason analysis.   The Court rejects these arguments for the reasons stated in the prior Order, Docket No. 920.

///

---

[2]The Court in *Williams-Davis* specifically rejected a post-trial hearing based on allegations regarding intra-jury, pre-deliberation statements.  *See U.S. v. Williams-Davis,* 821 F.Supp. 727, 742 ("most of the juror-affiants' statements about pre-deliberation conversations about the trial are inadmissible and further investigation at a hearing is uncalled for"); *Williams-Davis*, 90 F.3d,at 505 (affirming the trial court's decision not to hold a post-trial hearing).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Defendant's motion for acquittal and DENIES Defendant's alternate motion for a new trial.  Docket No. 1136.

**IT IS SO ORDERED.**

Dated: May 2, 2013

_____
SUSAN ILLSTON
United States District Judge